UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-114-MOC
(3:95-cr-178-MOC-1)

| | |
|---|---|
| TONY BERNARD ALEXANDER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate pursuant to 28 U.S.C. § 2255, (Doc. No. 1), and on the Government's Motion to Dismiss Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, (Doc. No. 7).

**I. BACKGROUND**[1]

Petitioner pled guilty in the underlying criminal case to conspiracy to traffic cocaine and cocaine base near a protected location, and he was sentenced to 360 months' imprisonment and ten years of supervised release. (3:95-cr-178, Doc. No. 304). The sentence was later reduced to 235 months' imprisonment pursuant to an amendment to the crack cocaine guidelines. (Id., Doc. No. 565). Petitioner began serving supervised release in May 2014 and, in June 2015, the U.S. Probation Office filed a Petition for Warrant alleging that he violated the conditions of his supervised release. (Id., Doc. No. 631); see also (Id., Doc. No. 637) (Addendum). The Court found Petitioner guilty of drug/alcohol use and a new law violation, revoked supervised release, and

---

[1] This section is not exhaustive; only the procedural history directly relating to the instant proceedings are included in this section in the interests of clarity and judicial economy.

sentenced him to 11 months' imprisonment followed by eight years of supervised release. (Id., Doc. No. 660).

On appeal from the revocation, Petitioner argued that the probation officer presented false testimony at the revocation hearing and that the sentence was unreasonable. The Fourth Circuit Court of Appeals affirmed, finding that the Court did not abuse its discretion in revoking Petitioner's supervised release upon finding that he violated the terms of his supervision, and that the Court's explanation of the selected sentence was sufficient. United States v. Alexander, 661 Fed. Appx. 786 (4th Cir. 2016). The United States denied certiorari on March 27, 2017. Alexander v. United States, 137 S.Ct. 1387 (4th Cir. 2017).

Petitioner filed the instant § 2255 Motion to Vacate on March 5, 2018, arguing that he was denied due process in his revocation proceedings. (Doc. No. 1).

The Government filed a Motion to Dismiss, (Doc. No. 7), arguing that the § 2255 Motion to Vacate is barred because the Fourth Circuit previously rejected this claim on direct appeal.

The Court issued an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), instructing Petitioner of his right to respond to the Motion to Dismiss. (Doc. No. 8). Petitioner filed a Response arguing that the misconduct of Mike M. Bonelli is so serious that he was denied due process and perpetrated fraud on the court.

**II.     STANDARD OF REVIEW**

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

It is well settled that a criminal defendant cannot "circumvent a proper ruling ... on direct appeal by re-raising the same challenge in a § 2255 motion." United States v. Dyess, 730 F.3d 354, 360 (4th Cir. 2013) (quoting United States v. Linder, 552 F.3d 391, 396 (4th Cir. 2009)); see also United States v. Roane, 378 F.3d 382, 396 n. 7 (4th Cir. 2004) (noting that, absent "any change in the law," defendants "cannot relitigate" previously decided issues in a § 2255 motion); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir.1976) (holding criminal defendant cannot "recast, under the guise of collateral attack, questions fully considered by this court [on direct appeal]").

Petitioner's present claim is barred because he argued on direct appeal that his supervised release revocation was based on false testimony, and the Fourth Circuit denied his claim on the merits. Petitioner fails to cite any change in the law that would warrant relief from his supervised release revocation. The instant § 2255 Motion to Vacate will therefore be denied and the Government's Motion to Dismiss will be granted.

### IV. CONCLUSION

For the reasons stated herein, the Court denies and dismisses with prejudice Petitioner's § 2255 Motion to Vacate.

**IT IS, HEREBY, ORDERED that**:

(1) Petitioner's Motion to Vacate, (Doc. No. 1), is **DISMISSED** with prejudice.

(2) The Government's Motion to Dismiss Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, (Doc. No. 7), is **GRANTED**.

(3) **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: September 16, 2019

Max O. Cogburn Jr
United States District Judge